**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

DEC 20 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSANA PLANCARTE-DE PADILLA | No. 14-72416 |
| Petitioner, | Agency No. A074-575-062 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

Susana Plancarte-De Padilla, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") order denying her motion to reopen removal

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Plancarte-De Padilla's motion to reopen as untimely, where it was filed 14 years after her final order of removal, *see* 8 C.F.R. § 1003.23 (b)(1), and Plancarte-De Padilla failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances).

Plancarte-De Padilla's contention that the BIA failed to apply the doctrine of equitable tolling is not supported by the record.

To the extent Plancarte-De Padilla is challenging the IJ's sua sponte determination, we lack jurisdiction to review this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 107, 7081 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**